Opinion of the Court by
Chief Justice Bibb.
Deering exhibited his bill in chancery, to cancel a bill of sale given by him to Ward for a negro boy, and to have a note for his hire also delivered up and cancelled.
The bill charges, that the bill of sale, although absolute and unconditional on its face, as well as the note for the hire, were executed to indemnify Ward for becoming surety for Deering in several replevin bonds; and that all those have been fully satisfied by complainant.
The answer distinctly admits, that complainant refused to sell the negro; that the bill of sale and note for hire were given to indemnify Ward; but denies that he was to be “put to his due course of law to indemnify himself.” The answer states the transaction thus, that to induce Ward to become security in the replevin bonds, it was agreed, that “if the complainant should release your respondent from his liability, in six or nine months afterwards, that then he was again to have his negro, and the bill of sale was to be given up by your respondent, but if not then, the bill of sale was to stand good, and your respondent was to pay to complainant or to the sheriff, upon those replevin bonds, the sum of four hundred dollars, which was to be in full of the price of said boy.”
The answer then admits he has not paid the four hundred dollars, but was making arrangements with the attorney of the plaintiff, in the executions to procure a credit for Deering on them; but Deering refused to permit him to do so, and has paid all or nearly all the executions himself. Upon this allegation, Ward makes his answer in nature of a cross bill, and prays that the court will now permit him to perform his part of the agreement.
To secure a surety in a replevin bond, the principal executed to him a bill of sale for a slave and a note for his hire, agreeing that they should be absolute if surety were not released in six months—he is not released in that time, but is afterwards: the chancellor correctly decreed a surrender of the papers.
Defendant in a writ of error where the decision is affirmed, cannot have the error to his prejudice corrected without himself sueing out a writ of error.
Loughborough, for plaintiff; Triplett, for defendant.
Upon hearing, the court decreed the bill of sale and note for the hire to be cancelled; and now Ward assigns errors to this decree.
By the answer it is distinctly admitted, that the transactions (bill of sale and note for hire,) were intended as indemnity only. By the answer and evidence, it clearly appears, that Ward paid nothing for the negro; that so far as he made any arrangement with the attorney or owner of those executions, or acquired any beneficial interest in them, they never were passed to the credit of the executions, but those executions were pressed upon Deering, and he paid the whole. Moreover it appears, that of the monies collected by the sheriff, Ward was received full satisfaction, for any arrangement or beneficial interest which he had acquired in those executions. Ward, therefore has no lien upon the negro, nor claim to payment of the note for hire.
The court, therefore, very properly dismissed Ward’s cross bill, and decreed that the bill of sale and note for hire, given by Deering, should be cancelled. There is no error in the decree given, to the prejudice of Ward.
The counsel for Deering complained of errors to his prejudice, but there is no writ of error by him: whether the complainant was entitled upon his original and amended bill, to any farther decree is not before the court.
Upon the writ of error, and assignment of errors by Ward, the decree of the court below is affirmed with costs.